In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Bounded by Jackson Avenue and Other Streets in the Borough of The Bronx, as a Site for Junior High School 155. MARIA SCALERE, Respondent.

First Department, January 25, 1966.

38 

*Milton H. Harris* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*H. G. Blumenthal* of counsel (*Irving Saltzman* with him on the brief; *James Lopilato,* attorney), for respondent.

*Per Curiam.* In this condemnation proceeding the City of New York in March, 1963, obtained title to Damage Parcel 15, previously owned by claimant, through tax lien foreclosure. In May, 1963 claimant filed a petition with the Board of Estimate to redeem her title pursuant to section D17–25.0 of the Administrative Code of the City of New York, which empowers the board to grant such a petition " in its discretion ". The sum of $300 was deposited with the petition. In June, however, the property was selected by the Site Selection Board as a part of the site of Junior High School 155; and in July the Mayor authorized institution of a proceeding for condemnation of the school site. Nevertheless, in November the Department of Real Estate notified claimant that it had fixed the consideration for a release of the city's interest at $5,799.48 and requested a check for the balance of $5,499.48, which claimant supplied. Thereafter, and on December 3, 1963, title to the school site vested in the city through condemnation.

Several months later, on February 20, 1964, the Board of Estimate adopted three resolutions relating to the subject

property. The first (Cal. No. 66-A) states that claimant's petition "is hereby denied as the property is required for municipal purposes." The second (Cal. No. 66-B) authorizes the refund to claimant of the sum of $5,799.48. The third resolution (Cal. No. 66-C) assigns to claimant "so much of the award for the acquisition of said property that represents the difference between the amount of $10,000, the assessed valuation of the property for the year 1963–1964 and the sum of $5,799.48 which Maria Scalere would have been required to pay as a consideration for such reconveyance".

Damage Parcel 15 has been awarded $18,400 and the decree directs payment of the full amount to claimant "as equitable owner". Special Term reasoned as follows: "It is clear that the claimant herein was the equitable owner immediately preceding the vesting of title. Application to redeem had been made and the entire consideration fixed by the city had been paid. The city acknowledged payment and the only thing remaining to be done was the actual delivery of the deed by the City of New York. The Board of Estimate by its February, 1964, resolution, recognized the validity of claimant's application by offering her the sum of $10,000, thus affirming her equitable ownership."

We are unable to agree that the only thing remaining to be done was delivery of the deed by the city. The Board of Estimate had first to determine whether claimant's petition should be granted or denied. Only if granted would delivery of a deed follow and, as above shown, the first two resolutions constituted an unequivocal denial. We find no purported commitment on behalf of the board that it would approve the petition. The letter of July 29, 1963 from the secretary of the board acknowledging receipt of the petition and of the sum of $300 stated that the matter would be referred to the Department of Real Estate for investigation and report; and the department's letter of November 13, 1963, requesting the additional sum of $5,499.48, only went so far as to state that upon receipt thereof, together with a specified affidavit, "we will submit the matter to the Board of Estimate for approval".

In the face of the flat disapproval manifested by the first two resolutions, we have difficulty in reading the third as a recognition by the board that claimant owned the property in equity. The premise on which the third resolution proceeds, as its preambles indicate, is merely that the board had power to grant claimant's petition when filed, and had it done so prior to the vesting of title in condemnation, claimant would have appeared in the condemnation proceeding as owner and entitled

to the award. The Corporation Counsel acknowledges that the petition would probably have been approved by the board had the property not been designated for inclusion in the site for Junior High School 155. It may be supposed that the third resolution, whatever may be said as to the legality of the assignment it purported to make, was adopted because the board sensed an element of misfortune in the necessary failure of the petition which it desired to alleviate. But that the " equity " motivating the board was of a nature giving rise to a property interest seems to us an untenable conclusion.

Accordingly, the final decree, dated March 31, 1965, insofar as the tabular abstract of damage makes the award for Damage Parcel 15 payable to claimant Maria Scalere, as equitable owner, should be modified, on the law and on the facts, to provide instead that the award shall be payable to the City of New York, as fee owner, subject to the partial assignment to said claimant authorized by resolution of the Board of Estimate adopted February 20, 1964 (Cal. No. 66-C), and, as so modified, said decree, to the extent appealed from, should be affirmed, without costs or disbursements to either party.

BOTEIN, P. J., BREITEL, RABIN, McNALLY and EAGER, JJ., concur.

Final decree, insofar as the tabular abstract of damage makes the award for Damage Parcel 15 payable to claimant Maria Scalere, as equitable owner, unanimously modified, on the law and on the facts, to provide instead that the award shall be payable to the City of New York, as fee owner, subject to the partial assignment to said claimant authorized by resolution of the Board of Estimate adopted February 20, 1964 (Cal. No. 66-C), and, as so modified, said decree, to the extent appealed from, affirmed, without costs or disbursements to either party. Settle order on notice.